IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| FREDDIE LEE FINNISSEE, JR., | : | |
| Plaintiff | : | |
| VS. | : | |
| Investigators CONNELL and Lee, Lieutenant PICCIOTTI, and Sheriff ASHLEY PAULK, | : | NO. 7:08-CV-40 (HL) |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **FREDDIE LEE FINNISSEE, JR.**, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has filed a supplement to his complaint (Tab # 5).

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## II. BACKGROUND

Plaintiff alleges that on April 13, 2006, he was arrested and falsely imprisoned by Lieutenant Picciotti and Investigators Lee and Connell. According to plaintiff, said defendants arrested him for drug possession, notwithstanding it being shown to them that the drugs belonged to another individual. The charges against plaintiff were dropped, but not before plaintiff served eight months in jail.

Plaintiff also sues Sheriff Ashley Paulk "because he is responsible for the actions of those employed under him."

## III. DISCUSSION

### A. Sheriff Ashley Paulk

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (quotations omitted). A supervisor is liable only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id*.

Plaintiff alleges no facts whatsoever that Paulk had a custom or policy allowing false arrests, was on prior notice of the arresting officers' conduct, or was otherwise casually connected to the arrest and imprisonment. Accordingly, plaintiff's complaint should be **DISMISSED** with respect to Sheriff Ashley Paulk. It is so **RECOMMENDED**.

### B. Lieutenant Picciotti and Investigators Lee and Connell

Plaintiff's allegations that Picciotti, Lee, and Connell subjected him to a false arrest and imprisonment, are sufficient, at this juncture, for this Court to allow plaintiff's complaint to go forward against said defendants. Accordingly, it is hereby **ORDERED** that service be issued against these three defendants.

## VI. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Picciotti, Lee, and Connell. The undersigned **RECOMMENDS** that Sheriff Ashley Paulk be **DISMISSED** from this action.

**SO RECOMMENDED**, this 12th day of June, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE